UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELOY OSUNA,

        Movant,

                                File No. 1:10-cv-1135

v.

                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## O P I N I O N

This matter is before the Court on Movant Eloy Osuna's motion pursuant to 28 U.S.C.

§ 2255, to vacate, set aside, or correct his sentence.  For the reasons that follow, his motion

will be denied.

### I.

Movant was indicted on January 11, 2007, on the following charge: conspiracy to

possess with the intent to distribute and conspiracy to distribute over five kilograms of

cocaine powder, 50 grams of cocaine base, and 1,000 kilograms of marijuana, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  *United States v. Shank, et al*, Case No.

1:07-CR-06-2 (W.D. Mich. Jan. 14, 2008; Dkt. No. 1, Indictment.)  Movant pleaded guilty

on October 1, 2007, and was sentenced on January 11, 2008, to 240 months' imprisonment

followed by five years of supervised release.  (1:07-CR-06-2, Dkt. No. 401, Plea Tr. 6; Dkt.

No. 454, Sent. Tr. 2, 29.)  Movant appealed on January 16, 2008, and his sentence was

affirmed on August 11, 2009.  (*United States v. Osuna*, 341 Fed. App'x 147 (2009); Dkt. Nos. 451, 502.)  Movant petitioned the Supreme Court for a writ of certiorari, which was denied on November 19, 2009.  (1:07-CR-06-2, Dkt. No. 514.)  Movant filed his § 2255 motion on November 17, 2010, seeking relief based on ineffective assistance of counsel. (Dkt. No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*,  233 F.3d 405, 407 (6th Cir. 2000).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence."  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982).  An ineffective assistance of counsel claim, however, is not subject to the procedural default rule.  *Massaro*, 538 U.S. at 504.  An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.  *Id.*  Such claims are often used under § 2255 to gain exceptions to the default rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that

3

counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Strickland*, 466 U.S. at 697. Because Counsel is presumed to be competent, the burden rests on Movant to show a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 100-01 (1955)). Unless Movant can show specific errors made by Counsel which undermined the adversarial process, there is generally no basis for finding a Sixth Amendment violation. *Strickland*, 466 U.S. at 696-96.

To establish prejudice, the movant must show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Strickland*, 466 U.S. at 691-96. "In the context of an allegedly involuntary guilty plea, prejudice can be demonstrated by showing

4

that 'but for counsel's errors, [the petitioner] would not have pleaded guilty.'" *Anderson v. Carlton Hill*, 150 F. App'x 499, 501 (6th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Sixth Circuit has held that in the plea context, *Strickland* requires the showing of a "'reasonable probability' that the result of the proceeding would have been different." *Magana v. Hofbauer*, 263 F.3d 542, 548 n.1 (6th Cir. 2001).

Movant claims that his trial Counsel was ineffective for (1) failing to limit the relevant conduct included in the plea agreement; (2) failing to object to the factual basis established at the plea hearing; (3) failing to object to the use of Movant's own statements at sentencing; (4) inducing Movant to plead guilty; and (5) failing to raise a statute of limitations defense.

*A. Inducement and Voluntariness*

In his § 2255 motion, Movant claims that his attorney induced him into signing the plea agreement by making promises about leniency in his brother's sentencing. (Dkt. No. 1, Mot. to Vacate 4.) Movant claims that Counsel promised that Movant's brother, Mark Osuna, would be sentenced to three years or less if Movant agreed to plead guilty and that, but for this promise, Movant would not have pled guilty. (Dkt. No. 2, Br. 10.) Movant further claims that the court was unable to assess the voluntariness of his plea because the alleged agreement was not disclosed to the court. (Dkt. No. 2, Br. 11.) These claims are contradicted by the record. In his plea agreement, Movant agreed that the plea was entered "freely, knowingly, and voluntarily," and, by signing the agreement, stated, "[n]o one has threatened or forced me in any way to enter this agreement . . . I am satisfied with the

5

representation of my attorney in this matter." (1:07-CR-06-2, Dkt. No. 332, Plea Agrm't 7, 8.) By signing the plea agreement, Movant agreed that the plea was the complete agreement between the parties and that no other promises were made or contemplated in its execution. (1:07-CR-06-2, Dkt. No. 332, Plea Agrm't 7.) Such an integration clause ordinarily prevents Movant from claiming that other promises were included in the plea agreement.[1] *United States v. Hunt*, 205 F.3d 931, 935 (6th Cir. 2001).

At the plea hearing on October 1, 2007, Movant made statements under oath, indicating that he voluntarily agreed to the terms of the plea, that he had adequately discussed the matter with Counsel, that he was satisfied with his attorney's representation, and that no one had made promises of leniency to him. (1:07-CR-06-2, Dkt. No. 401, Plea Tr. 3-5, 10.) Conversely, Movant did not give any indication of involuntariness. For these reasons, Movant can show no prejudice based on the plea agreement.

Whether a guilty plea is entered knowingly and voluntarily is determined by a comprehensive examination of the totality of the circumstances. *Barry v. Mintzes*, 726 F.2d 1142, 1146-49 (6th Cir. 1984) (citing *Rinehart v. Brewer*, 561 F.2d 126, 130 (8th Cir. 1977)). When the record reveals that a petitioner's "plea was knowing and voluntary," the district court need not conduct a hearing if the defendant later challenges the guilty plea in a 28 U.S.C. § 2255 proceeding. "[A] defendant who expressly represents in open court that his

---

[1]The record reflects that Counsel did advise Movant that the Government might consider moving for a reduction in his sentence in part based on both he and his brother's agreement to plead guilty. (Dkt. No. 13, Aff. 3.) Ultimately, the Government did move to reduce both sentences. (Dkt. No. 13, Aff. 4; 1:07-CR-06-2, Dkt. No. 454, Sent. Tr. 17.)

guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge."
*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973)) (internal quotation marks omitted); *see United States v. Broce*, 488 U.S. 563, 569 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

In his supporting brief, Movant cites two cases for the proposition that a guilty plea is involuntary when linkage to another person's plea or sentence is not disclosed to the court. (Dkt. No. 2, Br. 10.)  Movant cites *United States v. Peavy*, 31 F.3d 1341 (6th Cir. 1994), and *United States v. Abbott*, 241 F.3d 29, 34-35 (1st Cir. 2001).  These cases can be distinguished from the facts in Movant's case.  In *Peavy*, the defendant had a cooperation agreement with the government that was not disclosed to the court.  *Id*.  The record was insufficient to support the district court's finding of voluntariness, and the government presented no evidence to contradict the defendant's assertions.  *Id.* at 1344-46.  Peavy also told the court that promises were made to induce him into the plea.  *Id.* at 1343.  Likewise, in *Abbott*, the defendant contended that he pleaded guilty in order to prevent his mother from going to prison.  241 F.3d at 33.  The linkage between the two plea agreements was also undisclosed. *Id*.  Prior to sentencing, but after Abbott moved to withdraw his plea, the government admitted to the failed disclosure.  *Id*.  Because the court had no knowledge of the pleas' linkage, it had no reason to make a valid inquiry into the voluntariness of the plea.  *Id.* at 34. Although the court placed great importance on the fact that the defendant stated, under oath, that the plea was made knowingly and voluntarily, Abbott was able to overcome the

7

presumption that the plea was voluntary because of his assertion of innocence and the government's failure to disclose the connection between the two pleas.  *Id.* at 34-35, 37.

In the present case, the district court was aware of the possible connection between Movant's plea and his brother's plea.  At sentencing, the government made "a motion for downward departure based primarily on giving Mr. Osuna credit for helping facilitate his brother's guilty plea and vice versa." (1:07-CR-06-2, Dkt. No. 454, Sent. Tr. 17.)  In doing so, the government disclosed and described the connection.  The motion was also made according to the terms of the plea agreement. (1:07-CR-06-2, Dkt. No. 332, Plea Agrm't 3.)  Therefore, the connection between the pleas was not separate from the plea agreement and was disclosed to the district court.  The court had the information that was necessary to make a determination of voluntariness.

In further distinction, Movant has not asserted his innocence, the government did fully disclose to the court the connection between the two pleas, and the court was able to make a valid inquiry into voluntariness based on a sufficient record.  Movant's case is more analogous to *Hunt*, 205 F.3d 931.  In *Hunt*, after pleading guilty and being sentenced,, the defendant challenged his plea's validity and claimed that the government had made promises to him which were not contained in the plea agreement.  *Id.* at 933-35.  However, the defendant filed no affidavit attesting to the separate agreement, and the government denied its existence.  *Id.* at 935.  The court found that the plea agreement's integration clause precluded the defendant from asserting that there was another agreement.  *Id.* at 931.  Once

8

the government enters into a valid plea agreement with an integration clause, that ordinarily makes the agreement final and immune from collateral attack. *Id.* at 936. To overcome this presumption, a defendant must attest to the fact that both he and the government had acknowledged another agreement, which Movant has failed to do in this case. Additionally, the government denies the existence of promises beyond the scope of its § 5K1.1 motion, which was made in open court and according to the express terms of the plea agreement. The court made a valid inquiry based on a sufficient record and Movant made statements under oath that his plea was knowing and voluntary. He has failed to rebut the presumption of voluntariness, and his claim will be denied.

*B. Relevant Conduct and Factual Basis*

Movant also claims that Counsel was ineffective for failing to limit the relevant conduct in the plea agreement, exposing Movant to a full discussion of the factual basis during the plea hearing. (Dkt. No. 1, Mot. to Vacate 4.) Movant's claims fall short because (1) the Government would not have agreed to limit the relevant conduct; (2) there is no suggestion that the facts in the relevant conduct were incorrect; and (3) Counsel did, in fact, argue that the relevant conduct—the amount of drugs to which Movant had admitted—was lower than the court's calculations. (1:07-CR-06-2, Dkt. No. 454, Sent. Tr. 5, 10-11.) The Court, however, rejected Counsel's argument. (1:07-CR-06-2, Dkt. No. 454, Sent Tr. 11.)

Movant was "fully aware that his ultimate sentence under the agreement was subject to later determination by the court based on a variety of factors at the time he entered into it"

9

and was not prejudiced by Counsel's inaccurate estimations and unsuccessful argument. *See Stephens,* 906 F.2d at 254.   Additionally, Movant bears the burden to "come forward with objective evidence that he would not have pled guilty" but for Counsel's actions or statements. *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010).  Movant presents no such evidence of inducement and has failed to meet this burden.  "To allow defendant to attempt to prove by affidavit that the agreement is otherwise than appears, unambiguously, on a thorough record would violate established contract-law standards." *United States v. Baker*, 781 F.2d 85, 90 (6th Cir. 1986).  The record shows clear support for the relevant conduct included in the plea agreement, and Movant was not prejudiced by it.

Movant also specifically challenges Counsel's failure to object to the use of Movant's own plea admissions at sentencing.  (Dkt. No. 2; Br. 6-8.)  Although a defendant does not have to provide incriminating information at a plea, without it, it is unlikely that the court will accept the plea.  A guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce*, 488 U.S. at 569.  Although the plea agreement indicates that the Government would not use Movant's proffers against him, that promise does not apply to a plea colloquy.[2] *United States v. Baird*, 218 F.3d 221, 231 (3d Cir. 2000).  The factual basis established at the plea hearing was what was substantively considered at sentencing—not Movant's proffer.  (1:07-CR-06-2, Dkt. No. 332, Plea Agrm't 3; Dkt. No. 454, Sent. Tr. 11.)  There is "no question that

---

[2]See U.S.S.G. § 1B1.8.

admissions to the court by a defendant during a guilty plea colloquy can be relied upon by the court at the sentencing stage." *United States v. Powell*, 113 F.3d 464, 470 (3d Cir. 1997). Movant has no legal basis to object to the use of his own plea colloquy admissions at sentencing or Counsel's failure to object to their use.

## C. Statute of Limitations Defense

Movant also challenges Counsel's failure to assert a statute of limitations defense to the charges. (Dkt. No. 1; Mot. to Vacate 5.)  Movant claims that his charges should be barred because there was no evidence of him committing an overt act in the five years prior to the Indictment.  (Dkt. No. 2, Br. 9.)  Counsel responded to the Movant's motion by stating that he concluded, after reasonable consideration, that a statute of limitations defense would not succeed.  (Dkt. No. 13, Aff. 2-3.)  Although though he did not discuss the defense with Movant, Counsel was not ineffective because it was not objectively unreasonable to rule out pursuing the defense.  *See Cicero v. United States*, 1999 WL 753141, at *3 (2d Cir. 1999) (unpublished); *Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1991).  To sufficiently allege deficient performance, Movant must also show a reasonable probability that the defense would have succeeded.  *Jackson v. United States*, 54 F. App'x 594, 596 (6th Cir. 2001); *Northrop v. Trippett*, 265 F.3d 372 (6th Cir. 2001).

This defense could not have succeeded in Movant's case.  The statute of limitations for a 21 U.S.C. § 846 drug conspiracy is five years.  *United States v. Fantroy*, 146 F. App'x 808, 818 (6th Cir. 2005).  No overt act is required for such a conspiracy.  *United States v.*

*Shabani*, 513 U.S. 10 (1994).  The statute of limitations begins to run when the conspiracy as a whole has terminated.  *United States v. List*, 200 F. App'x 535, 543 (6th Cir. 2006) (internal quotation omitted).  Conspiracy members remain members until there is an affirmative showing of withdrawal. *Brown v. United States*, 261 F. App'x 865, 866 (6th Cir. 2008).  Count I of the indictment, charging conspiracy, was returned on January 7, 2007, less than five years after significant events in the conspiracy which occurred in March 2002, and within the limitations period.  (1:07-CR-06-2, Dkt. No. 1, Indictment.)  The "presumption of continuity" makes each member liable for the acts of his co-conspirators.  *Fantroy*, 146 F. App'x at 818. To demonstrate withdrawal, Movant has the burden to "present evidence of some affirmative act of withdrawal on his part, typically either a full confession to the authorities or communication to his co-conspirators that he has abandoned the enterprise and its goals."  *Brown*, 261 F. App'x at 866. This claim is barred because it should have been raised on direct appeal.  Moreover, Movant has failed to show cause or prejudice because he cannot make the requisite showing that the defense would have succeeded.

## D. *Ineffective Assistance of Appellate Counsel*

Movant also makes a claim of ineffective assistance against his appellate counsel, claiming that he failed to raise "issues which were stronger than the issues counsel did raise." (Dkt. No. 2, Br. 14.)  In order to show prejudice on appeal, Movant must show a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). "If it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.  *See also Campbell v. United States*, 364 F.3d 727, 730 (6 th Cir. 2004).   Strategic choices by counsel do not rise to the level of a Sixth Amendment violation.  *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).   Movant must show that Counsel's actions were not supported by a reasonable strategy and that the error was prejudicial.  *Massaro*, 538 U.S. at 501.   Movant frivolously claims that his appellate counsel should have raised stronger issues than he did raise.  (Dkt. No. 2, Br. 14.) Because this claim is not meritorious and Movant has failed to state a legitimate error made by Counsel, he cannot show ineffective assistance on appeal.   The motion is denied.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255.   Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.   For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant.   To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: October 25, 2011                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE